UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Garland Walton
FCI Waseca
PO Box 1731
Waseca, MN 56093
Reg. No. 03516-025
    Plaintiff,

v.

Federal Bureau of Prisons,
Harley G. Lappin, Director of the FBOP,
and Jenny Jones, Case Manager at FCI Waseca,
Harrell Watts, Administrator, National Inmate Appeals,
in their individual and official capacities
    Defendants

Case: 1:07-cv-00746
Assigned To : Friedman, Paul L.
Assign. Date : 04/24/2007
Description: WALTON v. BOP, et al.,

JURY TRIAL REQUESTED

FILED
APR 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A. JURISDICTION

This court has jurisdiction pursuant to Title 28 U.S.C. §1331 (federal question); Title 5 U.S.C. §702 (waiver of sovereign immunity, see Jasperson v. Federal Bureau of Prisons, 460 F. Supp. 2d 76, 83 [D.D.C. 2006]); Title 28 U.S.C. §1361 (mandamus); Title 28 U.S.C. §2201 (declaratory relief).

B. PARTIES

    1. Plaintiff Garland Walton is a prisoner at FCI Waseca, Waseca, MN.
    2. Defendant Federal Bureau of Prisons is a federal government agency, headquartered in Washington, D.C.
    3. Harley G. Lappin is the Director of the FBOP in Washington, D.C. He is being sued in his official capacity only.
    4. Jenny Jones is an employee of the FBOP and is a case manager at FCI Waseca, Waseca, MN. She is being sued in both her individual and official capacity.
    5. Harrell Watts is an employee of the FBOP, Administrator, National Inmate Appeals, Washington, D.C. He is being sued in both his individual and official capacity.

C. STATEMENT OF CLAIMS

Count I

    1. Plaintiff is a prisonor at FCI Waseca serving a 27-month sentence for a supervised release violation.

    2. Title 18 U.S.C. §3624(c) provides for pre-release custody and mandates that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, or the last 10 per centum of the term to be served, under conditions that afford a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

RECEIVED
MAR 12 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

1

3. Plaintiff's sentence will expire on September 19, 2007.

4. Defendant Jenny Jones is Plaintiff's Case Manager at FCI Waseca.

5. Defendant Jenny Jones made the decision to <u>not</u> allow Plaintiff to spend any of his sentence in conditions that will afford Plaintiff a reasonable opportunity to adjust to and prepare for his re-entry into the community.

6. The FBOP interprets the phrase "conditions that will afford a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community" found in 18 U.S.C. §3624(c) to mean a halfway house, also known as a Community Correction's Center (C.C.C.)

7. Defendant Harrell Watts approved of Defendant Jenny Jones' decision to deny Plaintiff a transfer to a C.C.C.

8. Plaintiff had made it known to Defendants Jones and Watts that he is indigent, has no money, no clothing, no job, no home, no place to live, no vehicle, no assets, and no property.

9. Plaintiff was released from FCI Greenville on September 14, 2004. His Case Manager at FCI Greenville had recommended a 6-month halfway house placement; Plaintiff was transferred to a halfway house for the last 6 months of his sentence, which he successfully completed in March of 2005, including over 2 months on home confinement.

10. Defendant Jones denied Plaintiff any time in a halfway house based, in part, on the fact that Plaintiff refused to complete a Release Preparation Program (RPP).

11. Defendant Watts' sanctioning of Defendant Jones' decision to deny Plaintiff a transfer to a halfway house was based, in part, on the fact that Plaintiff refused to complete a Release Preparation Program (RPP).

12. Plaintiff has <u>not</u> refused to complete a Release Preparation Program, in fact, on October 25, 2006 Plaintiff completed a Mock Job Fair, and in January of 2007 he completed three RPP programs. Plaintiff is scheduled to take Budgeting in March of 2007, his last RPP class.

13. Both Defendants Jones and Watts knew that in fact Plaintiff was participating in RPP. In Plaintiff's Request for Administrative Remedy (BP-10) he stated, "Also, Ms. Jones was incorrect in stating that I had refused to RPP." The BP-10 was attached to and incorporated into the BP-11, which Defendant Watts denied.

14. On August 18, 2006, Case Manager P. Agrimson, RPP Seminar Coordinator, sent a document to Plaintiff stating that he was in the Release Preparation Program.

15. Defendants Jones and Watts based their decisions - regarding the denial of halfway house to Plaintiff - on incorrect facts.

16. Defendants Jones and Watts had the authority to place Plaintiff in a halfway house to serve the last 6 months of his sentence.

17. Plaintiff exhausted his administrative remedies in regards to this count.

Count II

    18. Facts 1-17 from Count I are realleged herein.

    19. Defendant Jones' decision to deny Plaintiff any halfway house time was based upon Plaintiff being an African-American.

    20. Defendant Jones' discriminated against Plaintiff on the basis of his race.

D. REQUEST FOR RELIEF

    Wherefore, Plaintiff requests the following relief:

    1. A declaratory judgement holding that Plaintiff has not refused to complete a Release Preparation Program.

    2. An Order compelling Defendants Jones and Watts to reconsider Plaintiff for halfway house placement based upon Plaintiff <u>not</u> refusing to participate in the Release Preparation Program.

    3. Injunctive relief against Defendant Lappin to require the FBOP to take Plaintiff's lack of resources into account in determining halfway house placement, and prohibiting the FBOP from denying Plaintiff halfway house placement based upon him refusing to participate in the Release Preparation Program.

    4. Compensatory damages of $25,000 against Defendants Watts and Jones.

    5. Punitive damages of $25,000 against Defendant Jones.

    6. Any other relief that Plaintiff is entitled to.

    7. A trial by jury.

                               Respectfully submitted,

                               */s/ Garland E. Walton*
                               Garland Walton
                               Plaintiff <u>Pro se</u>

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **WALTON, GARLAND E.**   **03516-025**   **B**   **FCI WASECA**
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A—REASON FOR APPEAL   I am being denied Placement in a Halfway House. It is undisputed that I have no money, no home, and no clothes. Does no one see that this is a recipe for disaster? Exactly what would you have me do upon my release? It seems as if the BOP is trying to leave me no option other than to commit a crime just to survive. I successfully completed 6 months of halfway house when I was released from FCI Greenville in Sept- of 2004. The BOP has no reason to think that I would not successfully complete any part of my sentence in a halfway house. My BP9 and BP10 are incorporated herein by reference.

Request for Relief: That I be sent to a Halfway House for the last six months of my sentence.

10/17/06
DATE

*Garland E. Walton*
SIGNATURE OF REQUESTER

Part B—RESPONSE

**RECEIVED**

OCT 2 5 2006

Administrative Remedy Section
Federal Bureau of Prisons

---

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: **421053-A1**

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL   BP-231(13)
USP LVN   APRIL 1982

Administrative Remedy No. 421053-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you request staff reconsider the length of a Residential Reentry Center (RRC) placement and recommend you for a period of 180 days.

Our review reveals the Warden and Regional Director adequately responded to the issues you raised in your appeal. A number of factors must be considered when recommending the length of a RRC placement, including the inmate's release needs, community safety, prior criminal record, escape behavior, as well as current offense behavior. As noted in your response from the Warden, you arrived at your current institution on January 31, 2006, for service of your supervised release violation term. You met with your until team for your initial classification on February 9, 2006. You were advised at the meeting RRC consideration would be addressed at your program review set for August 3, 2006, based on your projected release date of September 19, 2007, via Good Conduct Time.

Based on your lengthy history of serious violence, sexual misconduct, intimidating behavior toward your victims, failure to abide by the conditions of your supervised release term, and refusal to complete the RPP, your unit team recommends denial of RRC placement. We find the Warden's decision appropriate.

This response is provided for informational purposes only.

_January 4, 2007_
Date

_Harrell Watts_, Administrator
National Inmate Appeals

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
GARLAND WALTON

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#03516-025

## DEFENDANTS
BOP ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00746
Assigned To : Friedman, Paul L.
Assign. Date : 04/24/2007
Description: WALTON v. BOP, et al.,

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
GARLAND WALTON

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88998
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#63516-025

## DEFENDANTS
BOP ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00746
Assigned To : Friedman, Paul L.
Assign. Date : 04/24/2007
Description: WALTON v. BOP, et al.,

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
■ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ■ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
■ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —