UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARLAND WALTON, )
)
      Plaintiff, )
)
v. ) Civil Action No. 07-0746 (PLF)
)
FEDERAL BUREAU OF PRISONS, *et al.*, )
)
      Defendants. )

<u>OPINION</u>

This matter is before the Court on defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. For the reasons stated below, the Court will dismiss this action.

I. BACKGROUND

At all times relevant to the Complaint, plaintiff was a prisoner at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca") serving a 27-month sentence for a violation of the terms of his supervised release. Compl. at 1. According to BOP's Inmate Locator (http://bop.gov/inmate_locator/index.jsp), plaintiff was released on September 19, 2007. He now resides in Springfield, Illinois.[1]

---

[1] Plaintiff filed a "Notice Change of Address" in *Walton v. Fed. Bureau of Prisons*, Civ. No. 07-0837 (D.D.C. filed May 7, 2007).

Pursuant to 18 U.S.C. § 3624(c), plaintiff sought placement in a community corrections center ("halfway house") for the last six months of his prison term. *See* Compl. at 2. In relevant part, 18 U.S.C. § 3624(c) provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

*Id.*

Plaintiff alleges that Jenny Jones, then his Case Manager, "denied [him] any time in a halfway house" prior to his release "based, in part, on the fact that Plaintiff refused to complete a Release Preparation Program." Compl. at 2. Plaintiff disputes this basis of Ms. Jones' decision, and states that "in fact [he] was participating in [a Release Preparation Program]." *Id.* Plaintiff alleges that Ms. Jones made her decision to deny him a halfway house placement "based upon Plaintiff being an African-American," thus "discriminat[ing] against Plaintiff on the basis of his race." *Id.* at 3. It appears that, subsequently, the Warden designated plaintiff to a halfway house for the last month of his sentence. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defs.' Mot."), Ex. A (Jones Decl.) ¶ 3; Plaintiff's Opposition to Defendants' Motion to Dismiss/Motion for Summary Judgment ("Pl.'s Opp'n") at 2-3.

Plaintiff challenged the denial of a halfway house placement through the inmate grievance procedure. *See* Compl., Attach. (October 17, 2006 Central Office Administrative Remedy Appeal). Harrell Watts, National Inmate Appeals Administrator, concluded that the

Warden's decision as to the length of plaintiff's halfway house placement was appropriate. *Id.*, Attach. (January 4, 2007 Administrative Remedy Response).

Plaintiff brings this action against the Federal Bureau of Prisons ("BOP"), against its Director, Harley G. Lappin, in his official capacity, and against Ms. Jones and Mr. Watts in both their individual and official capacities. Compl. at 1.[2] Although he does not expressly state in his complaint that this is a civil rights action, the Court presumes that plaintiff brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and thus there is federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. §§ 1361, compelling Ms. Jones and Mr. Watts "to reconsider Plaintiff for halfway house placement" and requiring the BOP "to take [his] lack of resources into account in determining halfway house placement[.]" *Id.* at 3.[3] He also demands declaratory relief pursuant to 28 U.S.C. § 2201, requesting a "declaratory judgment holding that Plaintiff has not refused to complete a Release Preparation Program." *Id.*

---

[2] Plaintiff states that he "is not challenging the accuracy of the B.O.P.'s record keeping," and therefore makes no claim under the Privacy Act, *see* 5 U.S.C. § 552a. Pl.'s Opp'n at 5. Insofar as defendants request dismissal on the ground that an available Privacy Act remedy bars plaintiff's *Bivens* claims, *see* Defs.' Mot. at 10-11, the motion is denied.

[3] Insofar as plaintiff demands mandamus relief, *see* Compl. at 1, 3, his request must be denied. Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). But BOP's decisions to transfer a prisoner to a halfway house before the end of his prison term and to determine the length of his stay at a halfway house are discretionary. *See* 18 U.S.C. § 3624(c); *Lyle v. Sivley*, 805 F. Supp. 755, 759 (D. Ariz. 1992) (concluding that Congress committed decision to grant or deny pre-release placement in a community corrections center "solely to agency discretion and not subject to judicial review"). Because BOP's decision on a halfway house placement is discretionary, plaintiff can establish neither his clear right to relief nor defendants' clear duty to act.

at 3. Finally, he demands compensatory damages against Mr. Watts and Ms. Jones and punitive damages against Ms. Jones. *Id.*

## II. DISCUSSION

### A. Defendant Jenny Jones

Defendant Jones argues that no claim against her in her individual capacity may proceed for three reasons: (1) service of process was improper, (2) this Court lacks personal jurisdiction over her, and (3) venue is improper. Defs.' Mot. at 12-17.

#### 1. Service of Process

Review of the Court's docket shows that the United States Marshals Service sent a copy of the summons and complaint to Ms. Jones by certified mail, return receipt requested, at FCI Waseca, and that "K. Kirkland" signed the return receipts. *See* Notice and Acknowledgment of Receipt of Summons and Complaint By Mail [Dkt. #5]. It does not appear that personal service has been effected on Ms. Jones.

Nevertheless, plaintiff correctly notes "that the U.S. Marchals [sic] were ordered to serve Jones." Pl.'s Opp'n at 2. He is proceeding *pro se* and *in forma pauperis* in this action and thus may rely on the Clerk of Court and the United States Marshals Service to effect service on his behalf. *See* 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(2). He should not be penalized for a court officer's failure or mistake in properly effecting service of process. *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J., concurring). Accordingly, the Court will deny Ms. Jones' motion to dismiss on this ground.

4

2. Personal Jurisdiction

It is plaintiff's burden to make a *prima facie* showing that this court has personal jurisdiction over a defendant. *See First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). "Plaintiff must allege specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory allegations." *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (citations omitted). Here, plaintiff alleges only that Ms. Jones "is an employee of the [BOP]" and that she "is a case manager at FCI Waseca, Waseca, MN." Compl. at 1. Plaintiff does not allege that Ms. Jones resides within or maintains a principal place of business in the District of Columbia.

In this situation, the Court engages in a two-part inquiry to determine whether it may exercise personal jurisdiction over Ms. Jones, a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District of Columbia's long-arm statute. *See GTE New Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

The District of Columbia long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

(1)    transacting business in the District of Columbia;

(2)    contracting to supply services in the District of Columbia;

      (3)      causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

      (4)      causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a).

      Plaintiff does not allege that Ms. Jones transacts any personal business or contracts to supply any services in the District of Columbia. Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the D.C. long-arm statute, *see Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990), the complaint sets forth no allegations that this defendant has any personal connection with the District of Columbia other than her federal employment. The mere fact that Ms. Jones is an employee of the BOP, the headquarters office of which is in the District, does not render her subject to suit in her individual capacity in the District of Columbia. *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Nor can plaintiff make his *prima facie* showing by alleging that paperwork prepared by Ms. Jones "will end up on the desk of another government employee in Washington, D.C." Pl.'s Opp'n at 4-5. *See, e.g., FC Inv. Group LC v. IFX Markets, Ltd.*, 479 F. Supp. 2d 30, 39 (D.D.C. 2007) (concluding that "defendant's 'regular' phone calls into the District of Columbia from elsewhere do not constitute 'transacting business' in the District of Columbia").

Finally, the complaint alleges no facts that establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in Minnesota while he was incarcerated at FCI Waseca. Regardless of whether this defendant acted in or outside of the District of Columbia, plaintiff suffered no injury here. For these reasons, the Court concludes that it lacks personal jurisdiction over Ms. Jones. The Court will grant defendants' motion to dismiss for lack of personal jurisdiction. *See, e.g., Moore v. Motz*, 437 F. Supp. 2d at 93 (dismissing non-resident defendants for lack of personal jurisdiction where there were no allegations that defendants transacted any business in the District of Columbia or that plaintiff suffered any tortious injury here); *Rogers v. Washington Fairmont Hotel*, 404 F. Supp. 2d 56, 57-58 (D.D.C. 2005) (dismissing individual defendant based in Canada for lack of personal jurisdiction absent allegations actually placing her within the reach of the D.C. long-arm statute).

3.  Venue

Defendants argue that "[t]here is no act alleged in the complaint that was committed by defendant Jones in the District of Columbia." Defs.' Mot. at 16. Rather, they argue, the proper venue for plaintiff's claims against Ms. Jones lies in Minnesota. *Id.* at 17.

Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.

7

§ 1391(b). Venue is not proper in this district under 28 U.S.C. § 1391(b) because all defendants do not reside in the District of Columbia, a substantial part of the events giving rise to plaintiff's claim took place elsewhere, and because this is not a case in which no other district is available.

Plaintiff argues that, because the last administrative remedy appeal of the recommendation to deny halfway house placement was decided by Mr. Watts at BOP's Washington, D.C. headquarters, venue in this district is proper. *See* Pl.'s Opp'n at 4. His argument is not persuasive. "Courts in this jurisdiction must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Plaintiff cannot rely on Mr. Watts' action in the District of Columbia in order to establish venue for any claim against Ms. Jones. The Court will grant defendants' motion to dismiss for improper venue.

### B.  Defendant Harrell Watts

According to the complaint, Mr. Watts "denied Plaintiff any time in a halfway house" and thereby "sanction[ed] Defendant Jones' decision to deny Plaintiff a transfer to a halfway house." Compl. at 2. Insofar as plaintiff brings this *Bivens* claim against Mr. Watts on the basis of the decision he rendered on plaintiff's final inmate grievance appeal, the claim must fail. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under this doctrine of qualified immunity, a government official can be held liable only if his conduct violates a constitutional right and if it would be clear to a

reasonable official that his conduct was unlawful in the situation at issue. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). An official protected by qualified immunity enjoys "*immunity from suit* rather than a mere defense to liability," which is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, questions of immunity are matters of law for the Court to decide as early in the proceedings as possible. *See Saucier v. Katz*, 533 U.S. at 200-01.

Other federal district courts have determined that Mr. Watts is protected by qualified immunity where the *Bivens* claims against him arise from decisions he has rendered on grievance appeals. *See Patel v. Warren*, No. 7-CA-760, 2007 WL 2818056, at *8 (W.D. Tex. Sept. 26, 2007) (qualified immunity bars suit against Watts based on plaintiff's dissatisfaction with his response to administrative grievance); *Hodge v. United States*, No. 06cv1622, 2007 WL 2571938, at *13 (M.D. Pa. Aug. 31, 2007) (adopting magistrate judge's recommendation to dismiss *Bivens* claim against Watts because "prison official's response or lack thereof to an inmate's Administrative remedies is not sufficient alone to hold the official liable in a civil rights action").[4] The Court concludes that defendant Watts is protected by qualified immunity and that plaintiff's claims against him are barred.

---

[4] Defendants argue that Mr. Watts was "cloaked with absolute immunity from a suit for damages in his individual capacity." Defs.' Mot. at 9. Defendants liken Mr. Watts' adjudication of an inmate's grievance appeal to that of a judge in a court proceeding and argue that he should be shielded from the risk of litigation attendant to rendering such decisions. *See id.* at 9-10; *see also Butz v. Economou*, 438 U.S. 478, 512-13 (1978) ("We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages."). Defendants cite no controlling authority for this proposition.

## C. Defendant Federal Bureau of Prisons

The Court treats all claims against defendants Lappin, Jones and Watts in their official capacities as if they were brought against the federal government itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect against the sovereign); accord *Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991), *cert. denied*, 508 U.S. 829 (1992). Defendants argue that sovereign immunity bars plaintiff's claims against the United States. *See* Defs.' Mot. at 5. Defendants further argue that none of the jurisdictional bases on which plaintiff relies, *see* Compl. at 1, can avoid this jurisdictional bar. *See* Defs.' Mot. at 5-7. Defendants correctly note that 28 U.S.C. § 1331 confers federal question jurisdiction on the district courts and that 28 U.S.C. § 2201 authorizes declaratory relief as a remedy. *See id.* at 5. Neither provision waives the federal government's sovereign immunity. *See Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996) (holding that 28 U.S.C. § 1331 does not constitute a waiver of sovereign immunity); *Balistrieri v. United States*, 303 F.2d 617, 619 (7th Cir. 1962) (Declaratory Judgment Act "created a remedy as to controversies of which the federal courts have jurisdiction," but it is not the United States' consent to suit).

Plaintiff does not dispute defendants' assertions. He counters that, insofar as he seeks non-monetary relief from defendants Lappin, Jones and Watts in their official capacities, sovereign immunity is waived under the judicial review provision of the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 702, and this Court has federal question jurisdiction over an APA claim. Pl.'s Opp'n at 2. Insofar as plaintiff limits the relief he seeks to declaratory judgment and injunctive relief, 5 U.S.C. § 702 does "waive[] the Government's immunity from

actions seeking relief other than money damages." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (internal quotation marks citation omitted); *Transohio Sav. Bank v. Dir., Office of Thrift Supervision*, 967 F.2d 598, 607 (D.C. Cir. 1992) (federal district court jurisdiction is proper under the federal-question statute, the mandamus statute, or the declaratory-judgment statute, *see* 28 U.S.C. §§ 1331, 1361, 2201-2202, for claims permitted under the APA's waiver of sovereign immunity). Sovereign immunity does, however, bar suits for money damages against the government itself, and against public officials sued in their official capacities. *See Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984).

      Focus on the nature of plaintiff's claim itself reveals the defect in his APA argument. Plaintiff first challenged the BOP's initial decision to deny him a halfway house placement for any length of time, and now challenges its subsequent decision to limit the length of his halfway house placement to one month. *See* Pl.'s Opp'n at 2-3. The APA provision on which plaintiff relies, *see* 5 U.S.C. § 702, "do[es] not apply to the making of any determination, decision, or order" regarding imprisonment, release, or pre-release placement in a halfway house. 18 U.S.C. § 3625; *see Jasperson v. Federal Bureau of Prisons*, 460 F. Supp. 2d 76, 84 (D.D.C. 2006) ("BOP's placement decision itself is not open to challenge" under 18 U.S.C. § 3625 even if a challenge to agency rulemaking leading to the BOP policy informing a particular decision is a cognizable claim under the APA), *appeal dismissed*, No. 06-5383, 2007 WL 2198595 (D.C. Cir. July 9, 2007); *Chimney v. United States*, No. 05cv261, 2005 WL 2219259, at *2 (N.D. Tex. Sept. 9, 2005) (concluding that 18 U.S.C. § 3625 "preclude[s] review under the APA of the BOP's adjudication of an individual case").

### III.  CONCLUSION

The Court concludes that it lacks personal jurisdiction over defendant Jones and that venue for plaintiff's claims against defendant Jones is improper.  Plaintiff's claims against defendant Watts must be dismissed because qualified immunity protects him from a suit arising from his decision on a final inmate grievance appeal.  Further, the Court concludes that, pursuant to 18 U.S.C. § 3625, judicial review of the BOP's decision with respect to plaintiff's halfway house placement is unavailable.

Accordingly, the Court will grant defendants' motion to dismiss, and will deny their motion for summary judgment as moot.  An Order consistent with this Opinion will be issued separately.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 5, 2008